# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32792**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Mario OSORNO, Jr.**
Technical Sergeant (E-6), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 11 December 2025

————————————

*Military Judge*: Brian M. Thompson.

*Sentence*: Sentence adjudged 8 July 2024 by SpCM convened at Nellis Air Force Base, Nevada. Sentence entered by military judge on 5 August 2024, and reentered on 10 September 2024: Bad-conduct discharge, confinement for 28 days, forfeiture of $1500.00 pay per month for 5 months, reduction to E-3, and a reprimand.

*For Appellant*: Major Brian E. Flanagan, USAF; Captain Joyclin N. Webster, USAF.

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Lieutenant Colonel Jenny A. Liabenow, USAF; Major Vanessa Bairos, USAF; Major Kate E. Lee, USAF; Major Jocelyn Q. Wright, USAF; Mary Ellen Payne, Esquire; Jack C. Korologos, Legal Extern.[1]

Before JOHNSON, KEARLEY, and MCCALL, *Appellate Military Judges*.

————————————

---

[1] Mr. Korologos is a legal extern who was at all times supervised by an attorney admitted to practice before this court.

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————————

PER CURIAM:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of larceny, on divers occasions, in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921.[2] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 28 days, forfeiture of $1,500.00 pay per month for five months, reduction to the grade of E-3, and a reprimand. Appellant requested the convening authority defer the adjudged reduction in grade and waive all automatic forfeitures. The convening authority denied Appellant's requests, took no action on the findings or the sentence, and provided the language for the reprimand.

Appellant raises one issue on appeal, which we have reworded: whether a sentence that included a bad-conduct discharge is inappropriately severe.

Appellant enlisted in the United States Air Force in 2009. For the first 14 years of service, Appellant deployed twice, had no documented misconduct, and received high ratings on his performance reports. Notably, in 2016 Appellant identified an electrical fire in a weapons bay and extinguished it, saving the lives of the air crew as well as the aircraft. Appellant received the Air Force Achievement Medal and was coined by the Chief of Staff of the Air Force for his actions. Appellant experienced some personal struggles at or near the time of the charged misconduct which were raised in extenuation and mitigation.

In June 2023, Appellant was selected as a full-time resource advisor (RA) for his squadron, which required him to identify squadron requirements, order and purchase items for squadron use, and manage the squadron's government purchase card (GPC) accounts. On five different occasions over approximately a two-month period, Appellant exploited his position as an RA to order goods for his own use from three different companies at government expense through the GPC program. Appellant indicated to these companies that all purchases were for the Air Force, and in particular, his squadron or group. Instead, a portion of these goods were for Appellant's personal use. To avoid detection, Appellant arranged to have these goods delivered to his home, requested the merchants rename the items on the invoices sent to the Air Force, and eventually deleted and modified the invoices by changing or deleting the line items which were not legitimate purchases. The personal items Appellant paid for

———————————————

[2] Unless otherwise indicated, all references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

with government funds were of an overall value of $8,000.00 to $10,000.00 and included parts for Appellant's truck and camping equipment. Appellant voluntarily entered into a plea agreement with the convening authority, which limited confinement to a range from "28 to 90 days" but did not prevent the military judge from adjudging a punitive discharge.[3]

We have reviewed and considered Appellant, the nature and seriousness of the offense, Appellant's record of service, all matters contained in the record of trial, matters raised in extenuation and mitigation, and Appellant's plea agreement terms. We find Appellant's sentence appropriate. *See United States v. Sauk*, 74 M.J. 594, 606–07 (A.F. Ct. Crim. App. 2015) (en banc) (per curiam); *United States v. Anderson,* 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (per curiam) (citations omitted).

The findings as entered are correct in law. Article 66(d), UCMJ, 10 U.S.C. § 866(d), *Manual for Courts-Martial, United States* (2024 ed.). In addition, the sentence is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[3] The confinement was the only required sentence term in the plea agreement. Per the terms of the agreement the military judge was permitted, but not required, to adjudge a punitive discharge and any forfeiture of pay and allowances admissible under the Rules for Courts-Martial. The military judge was permitted, but not required, to adjudge a reduction in grade, but was only permitted to adjudge a reduction in grade no lower than E-3. The military judge was not permitted to adjudge restriction to base or hard labor without confinement.